# EXHIBIT A

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**           Fri, Jul 7, 2023
**Server Name:**    Jimmy Lizama

| Entity Served | Tesla, Inc. |
|---|---|
| Case Number | CVRI2303418 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



Electronically FILED by Superior Court of California, County of Riverside on 07/03/2023 12:32 PM
Case Number CVRI2303418 0000062981912 - Jason B. Galkin, Executive Officer/Clerk of the Court By Andrea Fluker, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR OFFICE USE ONLY |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SELENA CATHERS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:  County of Riverside Superior Court | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* <br> Riverside Historic Courthouse, 4050 Main Street, Riverside, CA. 92501 | CVRI2303418 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian T. Shippen-Murray, Esq., CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024 – Tel: (310) 872-2600

| DATE: *(Fecha)* 07/03/2023 | Clerk, by *(Secretario)* | *Andrea Fluker* AF | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  TESLA, INC., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Riverside on 07/03/2023 12:32 PM
Case Number CVRI2303418 0000062981910 - Jason B. Galkin, Executive Officer/Clerk of the Court By Andrea Fluker, Clerk

1  **CALIFORNIA CONSUMER ATTORNEYS, P.C.**
Michael H. Rosenstein (SBN 169091)
2  mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
3  sd@calattorneys.com
Brian T. Shippen-Murray (SBN 288188)
4  btm@calattorneys.com
10866 Wilshire Blvd, Suite 1200
5  Los Angeles, CA 90024
Telephone: (310) 872-2600
6  Facsimile: (310) 730-7377
7
8  Attorneys for Plaintiff,
**SELENA CATHERS**
9
                    **SUPERIOR COURT OF CALIFORNIA**
10
                          **COUNTY OF RIVERSIDE**
11

12  SELENA CATHERS, an individual,          Case No.: CVRI2303418
13                                          Unlimited Jurisdiction
                    Plaintiff,
14                                          **COMPLAINT**
            vs.
15                                          1.  **VIOLATION OF SONG-BEVERLY**
16  TESLA, INC., a Delaware Corporation, and       **ACT - BREACH OF EXPRESS**
    DOES 1 through 10, inclusive,                  **WARRANTY**
17
                                            2.  **VIOLATION OF SONG-BEVERLY**
18                  Defendants.                 **ACT - BREACH OF IMPLIED**
                                               **WARRANTY**
19
                                            3.  **VIOLATION OF THE SONG-**
20                                             **BEVERLY ACT SECTION 1793.2(b)**

21
22
23
24
25
26
27
28

                              -1-
                            COMPLAINT

1       Plaintiff, SELENA CATHERS, an individual, alleges as follows against Defendants TESLA,

2  INC., a Delaware Corporation ("Tesla, Inc. "), and DOES 1 through 10 inclusive, on information

3  and belief, formed after a reasonable inquiry under the circumstances:

4                    **DEMAND FOR JURY TRIAL**

5      1.    Plaintiff, Selena Cathers, hereby demands trial by jury in this action.

6                    **GENERAL ALLEGATIONS**

7      2.    Plaintiff, Selena Cathers, is an individual residing in the City of Perris, State of

8  California.

9      3.    Defendant Tesla, Inc.  is and was a Delaware Corporation operating and doing

10  business in the State of California.

11     4.    These causes of action arise out of the warranty obligations of Tesla, Inc.  in

12  connection with a vehicle purchased by Plaintiff and for which Tesla, Inc.  issued a written warranty.

13     5.    Plaintiff does not know the true names and capacities, whether corporate, partnership,

14  associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under

15  the provisions of section 474 of the California Code of Civil Procedure.  Defendant Does 1 through

16  10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth

17  herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set

18  forth the true names and capacities of the fictitiously named Defendant, together with appropriate

19  charging allegations, when ascertained.

20     6.    All acts of corporate employees as alleged were authorized or ratified by an officer,

21  director, or managing agent of the corporate employer.

22     7.    Each Defendant, whether actually or fictitiously named herein, was the principal,

23  agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or

24  within the course and scope of such employment or agency, took some part in the acts and omissions

25  hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for

26  herein.

27     8.    On October 8, 2022, Plaintiff purchased a used 2021 Tesla Model 3, having VIN No.

28  5YJ3E1EA3MF000829 ("the Subject Vehicle").  Express warranties accompanied the sale of the

1  Subject Vehicle to Plaintiff by which Tesla, Inc. undertook to preserve or maintain the utility or

2  performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or

3  performance.

4      9.      The Subject Vehicle was delivered to Plaintiff with serious defects and

5  nonconformities to warranty and developed other serious defects and nonconformities to warranty

6  including, but not limited to, the engine electronics system defects, electrical defects, electronics

7  defects, interior component defects, exterior and body component defects and other serious

8  nonconformities to warranty.

9      10.     Plaintiff hereby revokes acceptance of the sales contract.

10     11.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

11  Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

12  family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

13     12.     Plaintiff is a "buyer" of consumer goods under the Act.

14     13.     Defendant Tesla, Inc. is a "manufacturer" and/or "distributor" under the Act.

15     14.     To the extent that one or more class action lawsuits have been filed or are filed with

16  respect to the nonconformities affecting Plaintiff's vehicle, without conceding the necessity of

17  supplying such notice, Plaintiff hereby provides notice to Defendant and/or Defendant's agents of

18  Plaintiff's intent to opt-out and be excluded from the settlement class of said class action lawsuit(s).

19     15.     Plaintiff hereby demands trial by jury in this action.

20                    **FIRST CAUSE OF ACTION**

21          **Violation of the Song-Beverly Act – Breach of Express Warranty**

22     16.     Plaintiff incorporates herein by reference each and every allegation contained in the

23  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

24     17.     Express warranties accompanied the sale of the vehicle to Plaintiff by which Tesla,

25  Inc. undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide

26  compensation if there was a failure in such utility or performance.

27     18.     The Subject Vehicle was delivered to Plaintiff with serious defects and

28  nonconformities to warranty and developed other serious defects and nonconformities to warranty

COMPLAINT

1    including, but not limited to, engine electronics system defects, electrical defects, electronics defects,

2    interior component defects, exterior and body component defects and other serious nonconformities

3    to warranty.

4          19.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

5    Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or

6    household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

7          20.    Plaintiff is the "buyer" of consumer goods under the Act.

8          21.    Defendant Tesla, Inc. is a "manufacturer" and/or "distributor" under the Act.

9          22.    The foregoing defects and nonconformities to warranty manifested themselves in the

10    Subject Vehicle within the applicable express warranty period. The nonconformities substantially

11    impair the use, value and/or safety of the vehicle.

12          23.    Plaintiff delivered the vehicle to an authorized Tesla, Inc. repair facility for repair of

13    the nonconformities.

14          24.    Defendant was unable to conform Plaintiff's vehicle to the applicable express after a

15    reasonable number of repair attempts.

16          25.    Notwithstanding Plaintiff's entitlement, Defendant Tesla, Inc. has failed to either

17    promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-

18    Beverly Act.

19          26.    By failure of Defendant to remedy the defects as alleged above, or to issue a refund

20    or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

21          27.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle

22    less that amount directly attributable to use by the Plaintiff prior to the first presentation of the

23    nonconformities.

24          28.    Plaintiff is entitled to all incidental, consequential, and general damages resulting

25    from Defendant's failure to comply with its obligations under the Song-Beverly Act.

26          29.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a

27    sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

28    incurred in connection with the commencement and prosecution of this action.

1    30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in

2    addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages

3    for Tesla, Inc. 's willful failure to comply with its responsibilities under the Act.

4                                      **SECOND CAUSE OF ACTION**

5                    **Violation of the Song-Beverly Act – Breach of Implied Warranty**

6    31.    Plaintiff incorporates herein by reference each and every allegation contained in the

7    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

8    32.    Tesla, Inc. and its authorized dealership at which Plaintiff purchased the Subject

9    Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject

10   Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under

11   the law.

12   33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an

13   implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

14   34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are

15   used because it was equipped with one or more defective vehicle systems/components.

16   35.    The Subject Vehicle did not measure up to the promises or facts stated on the

17   container or label because it was equipped with one or more defective vehicle systems/components.

18   36.    The Subject Vehicle was not of the same quality as those generally acceptable in the

19   trade because it was sold with one or more defective vehicle systems/components which manifest as

20   engine electronics system defects, electrical defects, electronics defects, interior component defects,

21   exterior and body component defects and other serious nonconformities to warranty.

22   37.    Upon information and belief, the defective vehicle systems and components were

23   present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

24   warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

25   applicable laws.

26   38.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil

27   Code, section 1794, *et seq*;

28   39.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

1    40.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section

2    1794, *et seq.*

3    41.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794,

4    *et seq.* and Commercial Code, section 2711.

5    42.    Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages

6    under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

7                              **THIRD CAUSE OF ACTION**

8                    **Violation of the Song-Beverly Act Section 1793.2(b)**

9    43.    Plaintiff incorporates herein by reference each and every allegation contained in the

10    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

11    44.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells

12    consumer goods in California, for which it has made an express warranty, shall maintain service and

13    repair facilities or designate and authorize independent service and repair facilities to carry out the

14    terms of those warranties.

15    45.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of

16    goods is necessary because they do not conform with the applicable express warranties, service and

17    repair shall be commenced within a reasonable time by the manufacturer or its representative.

18    46.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced

19    or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable

20    time.

21    47.    The sale of the Subject Vehicle was accompanied by express warranties, including a

22    warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective

23    parts, including the electrical system.

24    48.    Plaintiff delivered the Subject Vehicle to Tesla, Inc.'s authorized service

25    representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects,

26    which amount to a nonconformities to the express warranties that accompanied the sale of the

27    Subject Vehicle.

28    49.    Defendant's authorized facilities did not conform the Subject Vehicle to warranty

COMPLAINT

1    within 30-days and/or commence repairs within a reasonable time and Tesla, Inc. has failed to tender

2    the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set

3    forth in Civil Code section 1793.2(b).

4          50.      Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil

5    Code, section 1794, *et seq*;

6          51.      Plaintiff hereby revokes acceptance of the Subject Vehicle.

7          52.      Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section

8    1794, *et seq.*

9          53.      Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794,

10   *et seq.* and Commercial Code, section 2711.

11         54.      Plaintiff is entitled to recover any "cover" damages under Commercial Code sections

12   2711, 2712, and Civil Code, section 1794, *et seq.*

13         55.      Plaintiff is entitled to recover all incidental and consequential damages pursuant to

14   1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

15         56.      Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two

16   times the amount of actual damages in that Tesla, Inc. has willfully failed to comply with its

17   responsibilities under the Act.

18                              **PRAYER FOR RELIEF**

19         WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

20   1.      For general, special and actual damages according to proof at trial;

21   2.      For rescission of the purchase contract and restitution of all monies expended;

22   3.      For diminution in value;

23   4.      For incidental and consequential damages according to proof at trial;

24   5.      For civil penalty in the amount of two times Plaintiff's actual damages;

25   6.      For prejudgment interest at the legal rate;

26   7.      For reasonable attorney's fees and costs and expenses of suit; and

27   8.      For such other and further relief as the Court deems just and proper under the

28           circumstances.

1

2    Dated:   July 3, 2023                    **CALIFORNIA CONSUMER ATTORNEYS, P.C.**

3

4                                            Michael H. Rosenstein, Esq.
                                             Sepehr Daghighian, Esq.
5                                            Brian T. Shippen-Murray, Esq.
                                             Attorneys for Plaintiff,
6                                            **SELENA CATHERS**

7
          Plaintiff, **SELENA CATHERS**, hereby demands trial by jury in this action.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael H. Rosenstein (SBN 169091) | Brian T. Shippen-Murray (SBN 288188) CALIFORNIA CONSUMER ATTORNEYS, P.C. 10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024 | |

TELEPHONE NO.: (310) 872-2600    FAX NO. *(Optional):* (310) 730-7377
E-MAIL ADDRESS: mhr@calattorneys.com | btm@calattorneys.com
ATTORNEY FOR *(Name):* Plaintiff: Selena Cathers

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA. 92501
BRANCH NAME: Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 07/03/2023 12:32 PM
Case Number CVRI2303418 0000062981911 - Jason B. Galkin, Executive Officer/Clerk of the Court By Andrea Fluker, Clerk

CASE NAME:
Selena Cathers v. Tesla, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2303418 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4.  Number of causes of action *(specify):* 3
5.  This case [ ] is  [X] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: July 3, 2023

Brian T. Shippen-Murray, Esq.
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Electronically FILED by Superior Court of California, County of Riverside on 07/03/2023 12:32 PM
Case Number CVRI2303418 0000062981913 - Jason B. Galkin, Executive Officer/Clerk of the Court By Andrea Fluker, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| **BANNING** 311 E. Ramsey St., Banning, CA 92220<br>**BLYTHE** 265 N. Broadway, Blythe, CA 92225<br>**HEMET** 880 N. State St., Hemet, CA 92543<br>**MORENO VALLEY** 13800 Heacock St., Ste. D201,<br>Moreno Valley, CA 92553 | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563<br>**PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262<br>x  **RIVERSIDE** 4050 Main St., Riverside, CA 92501<br>**TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

**RI-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Michael H. Rosenstein (SBN 169091) | Sepehr Daghighian (SBN 239349)<br>California Consumer Attorneys, P.C.<br><br>10866 Wilshire Blvd, Suite 1200<br>Los Angeles, CA 90024<br><br>    TELEPHONE NO: (310) 872-2600    FAX NO. *(Optional)*: (310) 730-7377<br>E-MAIL ADDRESS *(Optional)*: mhr@calattorneys.com<br>ATTORNEY FOR *(Name)*: Plaintiff(s) Selena Cathers | *FOR COURT USE ONLY* |
| PLAINTIFF/PETITIONER: Selena Cathers | |
| DEFENDANT/RESPONDENT: Tesla, Inc. | CASE NUMBER:<br>CVRI2303418 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:    92508 _____

    The action concerns real property located in the zip code of:  _____

    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    July 03, 2023 _____

Brian T. Shippen-Murray
(TYPE OR PRINT NAME OF X ATTORNEY    PARTY MAKING DECLARATION)

►  _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**  CVRI2303418

**Case Name:**  CATHERS vs TESLA, INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Eric A Keen in Department 6  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 07/05/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _A. Fluker_

A. Fluker, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2303418

**Case Name:**   CATHERS vs TESLA, INC.

BRIAN SHIPPEN-MURRAY
10866 Wilshire Blvd Suite 1200
Los Angeles, CA 90024

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/02/2024 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 07/05/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
A. Fluker, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2303418

**Case Name:**   CATHERS vs TESLA, INC.

SELENA CATHERS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/02/2024 | 8:30 AM | Department 6 |

| Location of Hearing: |
|---|
| **4050 Main Street, Riverside, CA 92501** |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 07/05/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

A. Fluker, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2303418

**Case Name:**   CATHERS vs TESLA, INC.

TESLA, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/02/2024 | 8:30 AM | Department 6 |

| Location of Hearing: | | |
|---|---|---|
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| --- | --- |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 07/05/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

A. Fluker, Deputy Clerk

CI-NOCMC
(Rev. 03/03/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2303418

SHIPPEN-MURRAY, BRIAN                    CATHERS, SELENA
10866 Wilshire Blvd Suite 1200
Los Angeles, CA 90024


TESLA, INC.